EMPIRE NATIONAL BANK, Respondent, *v.* 27 LEONARD STREET CORP. et al., Appellants, et al., Defendants.

First Department, December 9, 1974.

*Gerald Orseck* for appellants.

*Monroe R. Davis* of counsel (*Cooke, McBride, Davis & Greenberg,* attorneys), for respondent.

*Per Curiam.* David Reitman (Reitman) was the sole stockholder of the Namtier Hotel Corp. (Namtier), which operated a hotel known as the Nemerson.

Reitman executed a promissory note in the sum of $99,999.87 evidencing a loan made by the Empire National Bank (Empire) in the principal amount of $75,000, together with interest discounted at the rate of 6% per annum.

As collateral for the loan made to Reitman, individually, the bank took a mortgage on real property owned by 27 Leonard Street Corp., another corporation controlled by Reitman. Reitman defaulted on the note and the bank sought to foreclose on the collateral held. Reitman interposed the defense of usury. This defense was found by Special Term to be spurious and summary judgment was granted in favor of Empire.

Clearly, the subject of usury is entirely regulated by statute (91 C. J. S., Usury, § 5, subd. b) and the charging of usury is not wrongful in itself but merely *malum prohibitum* (*Malmud* v. *Blackman,* 251 App. Div. 192, 194, affd. 278 N. Y. 658).

Section 108 (subd. 4, par. [b]) of the Banking Law, the statute here involved, provides in pertinent part that the loan must be to effectuate " a commercial or business use or purpose or for investment in or purchase of an unincorporated business or commercial enterprise ".

Reitman's claim is that Empire was on notice that the loan was to be for the benefit of Namtier and therefore the loan did not come within the purview of section 108 of the Banking Law. Empire, however, contends that the loan was to an individual for business purposes and therefore was properly made.

The question as to whether the loan is nonusurious is one which is incapable of resolution based on the papers submitted. While in form the loan appears to have been made to an individual, at issue is whether or not the substance of the loan was solely for use by Namtier, a corporation. If the latter was the case and known by Empire to be the fact, then it appears that there was a violation of the Banking Law.

Accordingly, the order, Supreme Court, New York County, entered April 22, 1974, granting plaintiff's motion for summary judgment, should be reversed on the law, with costs and disbursements, and the motion denied.

MARKEWICH, J. P., LUPIANO, TILZER and LANE, JJ., concur.

Order, Supreme Court, New York County, entered on April 2, 1974, unanimously reversed, on the law, and the motion for summary judgment denied. Appellants shall recover of respondent $60 costs and disbursements of this appeal.